IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALECIA WHEELER,

Plaintiff,                                              CASE NO.:

-vs-

SYNCHRONY BANK f/k/a
GE CAPITAL RETAIL BANK,

Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like SYNCHRONY BANK f/k/a GE CAPITAL RETAIL BANK from invading American citizens' privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." Mims v. Arrow Fin. Servs., LLC, –US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

1

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991) Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osario v. State Farm Bank, F.S.B.,* 746 F. 3d 1242 (11th Cir. 2014).

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

6. The alleged violations described herein occurred in Oakland County, Michigan. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

7. Plaintiff is a natural person, and citizen of the State of Michigan, residing in Oakland County, Michigan, and resides in this District.

8. Plaintiff is the "called party." See <u>Soppet v. Enhanced Recovery Co., LLC</u>, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012); <u>Osorio v.</u>

*State Farm Bank, FSB*, 746 F.3d 1242 (11th Cir. March 28, 2014); and *Breslow v Wells Fargo, N.A.*, 2014 WL 2565984 (11th Cir. June 9, 2014).

9. Defendant is a corporation and a citizen of the state of Delaware with its principal place of business at 335 New Commerce Boulevard, Wilkes-Barre, Pennsylvania and doing business in the State of Michigan.

10. Defendant is a "debt collector" as defined by 15 U.S.C §1692(a)(6). Defendant sought to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

11. The debt that is the subject matter of this complaint is a "consumer debt" as defined by 15 U.S.C. §1692(a)(4).

12. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (313) 629-8042, and was the called party and recipient of Defendant's autodialed calls.

13. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

14. Upon information and belief, each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human

intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

15. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

16. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

17. In or about October of 2011, Defendant initiated its campaign of phone calls to the Plaintiff on her aforementioned cellular telephone. Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from, but not limited to, the following phone numbers: (800) 292-7508, (937) 534-2092, (480) 707-4006 and (605) 355-5648.

18. In or about November of 2011, due to the ceaseless barrage of phone calls from Defendant, Plaintiff answered a call from Defendant on her aforementioned cellular telephone, received Defendant's pre-recorded message, held the line to be connected with an agent/representative, and demanded that Defendant cease placing calls to her aforementioned cellular telephone number.

19. During the aforementioned conversation with an agent/representative of Defendant in or about November of 2011, Plaintiff expressly revoked any consent Defendant believed it may have had for placement of telephone calls to

Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

20. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

21. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

22. Despite demanding that Defendant stop contacting her on her aforementioned cellular telephone number, the calls from Defendant continued.

23. On numerous occasions Plaintiff answered a call from Defendant on her aforementioned cellular telephone, received Defendant's pre-recorded message, held the line to be connected with an agent/representative, and instructed Defendant to cease calling her aforementioned cellular telephone number, to which an agent/representative of Defendant would respond that the calls were automated and would continue until the debt was satisfied.

24. Additionally, on or about November 15, 2015, Plaintiff filed a complaint with the Federal Trade Commission regarding Defendant's repeated calls to her aforementioned cellular telephone number, and stated in her complaint that she was receiving "harassing phone calls more than 5 times per day" from telephone number (480) 707-4006.

25. From about October of 2011 through December of 2012, Defendant made approximately one-hundred fifty (150) calls to Plaintiff's aforementioned cellular telephone number, or as will be established after a thorough review of Defendant's records, who should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of autodialer calls made to Plaintiff over the relevant time period. [Please see attached **Exhibit A,** demonstrating a non-exclusive call log of at least one-hundred ten (110) phone calls from November 4, 2011 through July 9, 2012.]

26. On more than 30 occasions, Defendant left numerous artificial and/or prerecorded messages when calling the Plaintiff's cellular phone.

27. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having her express permission to call her aforementioned cellular telephone number.

28. Defendant continued to leave voice messages using a pre-recorded or artificial voice message when calling the Plaintiff, despite not have her express permission to do so.

29. Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have had.

30. Defendant's, corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular number removed from the call list.

31. Defendant has a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

32. Defendant has many similar complaints from consumers across the country, as those alleged in this lawsuit, by Plaintiff.

33. Defendant violated the TCPA with respect to the Plaintiff.

34. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

35. Plaintiff incorporates Paragraphs one (1) through thirty-four (34).

36. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

37. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FDCPA)

38. Plaintiff incorporates Paragraphs one (1) through thirty-four (34).

39. At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

40. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

41. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against  for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

Respectfully submitted,

s/*Amanda Allen*
Amanda J. Allen, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
AAllen@ForThePeople.com
Florida Bar #: 0098228
*Attorney for Plaintiff*

*And*

s/*Julie Petrik*
Julie Petrik, Esquire
Lyngklip & Associates Consumer Law Center, PLC
24500 Northwestern Highway, Suite 206
Southfield, MI 48070
Tele: (248) 208-8864
Fax: (248) 208-9073
Julie@MichiganConsumerLaw.com
*Designated Local Counsel for Plaintiff*